# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| LAWANDA SMALL,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>    Defendant. | CV 20-01944 TJH (KESx)<br><br><br>Order<br><br>[52] |

    The Court has considered Defendant Allianz Life Insurance Company of North America's ["Allianz"] motion to dismiss Plaintiff Lawanda Small's ["L. Small"] fourth claim for violations of California's unfair competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. ["UCL"] [dkt # 52], together with the moving and opposing papers.

    In 1990, decedent Carl Small ["C. Small"] purchased a universal life insurance policy from Allianz's predecessor-in-interest ["the Policy"]. The Policy included a 61-day grace period for the payment of premiums if, *inter alia*, the premium paid was less than necessary to sustain the Policy.

    In 2016, C. Small missed a premium payment. According to Allianz, that missed premium payment caused the Policy to lapse. In 2019, after C. Small's death, L. Small

tendered a claim under the Policy. Allianz denied her claim because the Policy had lapsed. L. Small alleged that neither she nor C. Small received notice from Allianz in 2016 regarding the pending lapse or the grace period.

On February 27, 2020, L. Small filed this putative class action alleging the following claims: (1) Declaratory relief, pursuant to Cal. Civ. Code §§ 1060, *et seq.*; (2) Declaratory relief, pursuant to 28 U.S.C. §§ 2801, *et seq.*; (3) Breach of contract; and (4) A violation of UCL.

Allianz, now, moves to dismiss the UCL claim.

Allianz argued that L. Small's UCL claim should be dismissed because she: (1) Lacks standing to seek injunctive relief; (2) Is not entitled to equitable relief because she has an adequate legal remedy; (3) Is not entitled to restitution; and (4) Failed to sufficiently allege violations of the unfair and fraudulent prongs of her UCL claim.

The UCL prohibits unlawful, unfair, or fraudulent business practices. Cal. Bus. & Prof. Code § 17200. The only available remedies for a violation of the UCL are the equitable remedies of restitution and injunctive relief. *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 452 (2005).

**Standing to Obtain Injunctive Relief**

To represent the putative class, here, L. Small must, personally, have standing. *See Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001). Further, L. Small "must demonstrate standing separately for each form of relief sought." *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). For L. Small to have standing to seek injunctive relief, she "must demonstrate 'that [she] is realistically threatened by a repetition of [the violation].'" *See Armstrong v. Davis*, 275 F.3d 849, 860–61 (9th Cir. 2001) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)), overruled on other grounds by *Johnson v. California*, 543 U.S. 499 (2005). Here, Allianz cannot, again, breach the Policy by, again, failing to give sufficient notice for non-payment of premiums or failing to provide a grace period for non-payment. Moreover, L. Small did not allege that she has another Allianz life insurance policy that

could be at risk of termination for non-payment of premiums. Consequently, she lacks standing to seek injunctive relief for her alleged UCL violations.

**Entitlement to Seek Restitution**

Next, Allianz argued that L. Small is not entitled to restitution. However, her allegations are sufficiently broad to include restitution based on the amount of premiums paid. *See Artiste v. American International Group, Inc.*, 2020 WL 4037219, at *5 (C.D. Cal. Jan. 23, 2020), citing *Chowning v. Kohl's Department Stores, Inc.*, 733 F. App'x 404, 406 (9th Cir. 2018).

Further, a plaintiff cannot, as a general rule, obtain an equitable remedy, specifically, here, restitution, if an adequate legal remedy is available. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 843-44 (9th Cir. 2020). Unlike in *Sonner*, L. Small alleged that she has no adequate legal remedy, here, even though she is seeking both legal and equitable remedies. At this procedural juncture, L. Small may, properly, seek alternative inconsistent remedies.

**Sufficiency of Allegations for Unfair and Fraudulent Prongs of the UCL Claim**

Finally, Allianz argued that the unfair and fraudulent prongs of L. Small's UCL claim were not alleged with sufficient particularity. Claims sounding in fraud are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). The unfair and fraudulent prongs of L. Small's UCL claim are based on fraudulent concealment.

To satisfy the heightened standard under Rule 9(b), the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

L. Small's UCL claim is based on broad allegations that lack sufficient particularity to satisfy Rule 9(b) as to its unfair and fraudulent prongs.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that L. Small's prayer for injunctive relief for her UCL claim be, and hereby is, 𝕾𝖙𝖗𝖎𝖈𝖐𝖊𝖓.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that L. Small's UCL claim be, and hereby is, 𝕯𝖎𝖘𝖒𝖎𝖘𝖘𝖊𝖉, without prejudice, as to the unfair and fraudulent prongs.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that Allianz's motion to dismiss be, and hereby is, 𝕯𝖊𝖓𝖎𝖊𝖉 as to all other grounds.

Date: March 29, 2022

Terry J. Hatter, Jr.
Senior United States District Judge